EXHIBIT A

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

KRISTOFER CHAMBERS

*Plaintiff(s)*

COUNTY OF NASSAU; Nassau County Police Department; Police Officer MICHAEL SCHMIDT; Police Officer OMAR GALAN; Police Officer JOSEPH GIACONE; Police Officer MIKE KAMPERVEEN; and POLICE OFFICERS JANE AND JOHN "DOES" individually and in their official capacities (said names being fictitious and meaning to represent police officers whose names and true identities are currently unknown to plaintiff. *Defendant(s)*

Civil Action No. 19-CV-158 (SJF)(AYS)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* County of Nassau, Nassau County Attorney, 1 West St., Mineola, NY 11501
Nassau County Police Department; 1490 Franklin Ave., Mineola, NY 11501;
Police Officer Michael Schmidt, Nassau County Police Dept., 1490 Franklin Ave., Mineola, NY 11501;
Police Officer Omar Galan, Nassau County Police Dept., 1490 Franklin Ave., Mineola, NY 11501;
Police Officer Joseph Giacone, Nassau County Police Dept., 1490 Franklin Ave., Mineola, NY 11501;
Police Officer Mike Kamperveen, Nassau County Police Dept., 1490 Franklin Ave., Mineola, NY 11501; and
Police Officers Jane and John "Does"

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

LAW OFFICES OF VINCENT S. WONG
39 East Broadway, Ste. 306
New York, New York 10002
Tel: (212) 349-6099

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: 01/16/2019



*Deanna Rodin*
*Signature of Clerk or Deputy Clerk*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KRISTOFER CHAMBERS

**DEFENDANTS**
County of Nassau; Nassau County Police Department; Police Officer Michael Schmidt; Police Officer Omar Galan; Police Officer Joseph Giacone; Police Officer Mike Kamperveen; and Police Officers Jane and John Does

**(b)** County of Residence of First Listed Plaintiff: Nassau
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Nassau
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Vincent S. Wong
39 East Broadway, Ste 306, New York, New York 10002
Tel: 212-349-6099

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** | | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42.U.S.C. §§ 1983, 1985
Brief description of cause:
Deprivation of civil rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 01/08/2019
SIGNATURE OF ATTORNEY OF RECORD: /s/ Vincent S. Wong

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.10 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, _____, counsel for _____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?   ☐ Yes   ☑ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?   ☑ Yes   ☐ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?   ☑ Yes   ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?   ☐ Yes   ☐ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑ Yes     ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes  (If yes, please explain   ☑ No

I certify the accuracy of all information provided above.

Signature: _____/s/ Vincent S. Wong_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
KRISTOFER CHAMBERS,                               CIVIL ACTION: 19-CV-158

               Plaintiff,

  - against -
                                                      **COMPLAINT**

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT; Police Officer
MICHAEL SCHMIDT; Police Officer
OMAR GALAN; Police Officer JOSEPH
GIACONE; Police Officer MIKE
KAMPERVEEN; and POLICE OFFICERS
JANE AND JOHN "DOES" individually
and in their official capacities
(said names being fictitious and
meaning to represent police officers
whose names and true identities
are currently unknown to plaintiff)         Jury Trial Demanded
               Defendants.
----------------------------------x

    1.   Plaintiff, KRISTOFER CHAMBERS, by his attorney, LAW OFFICES OF VINCENT S. WONG, complains of the Defendants and respectfully sets forth to this Court as follows:

**PRELIMINARY STATEMENT**

    2.   This action is brought pursuant to the provisions of 42.U.S.C. §§ 1983, 1985 and, pursuant to claims for, deprivation of Plaintiff's constitutional rights, including lack of due process, unconstitutional taking of property, regulatory taking, malicious prosecution, and intentional infliction of emotional distress.

**JURY TRIAL DEMANDED**

3.   Plaintiff demands trial by jury in this action.

**JURISDICTION AND VENUE**

4.   This action arises under the 4th, 5th, 6th, 8th and 14th Amendments to the United States Constitution, under 42 U.S.C. §§§1983, 1985 and 1988.

5.   The jurisdiction of this Court is predicated upon 28 U.S.C. §1331 and §1343(a)(3) and (4), and upon pendent jurisdiction.

6.   Venue lies in this district pursuant to 28 U.S.C. §1391(b).

**THE PARTIES**

7.   The Plaintiff was and still is a resident of Nassau County, City and State of New York.

8.   Upon information and belief, and at all times hereinafter mentioned, defendants, COUNTY OF NASSAU, (hereinafter "NASSAU") and NASSAU COUNTY POLICE DEPARTMENT are governmental entities existing under the mandate and laws of the State of New York.

9.   Upon information and belief, and at all times hereinafter mentioned, all of the abovementioned defendant Police Officers, MICHAEL SCMHIDT, OMAR GALANT, JOSEPH GIACONE, and MIKE

KAMPERVEEN were on duty and acting in their official capacities as police officers.

### THE FACTS

10. This case primarily concerns of the malicious prosecution by Nassau County police officers who fabricated evidence and testified falsely at trial, in an attempt to cause the unlawful conviction of the Plaintiff KRISTOFER CHAMBERS.

11. On or about November 19th, 2014 at approximately 4:37pm in the County of Nassau inside the main parking lot area of a shopping mall known as GREEN ACRES, the above mentioned defendant police officers conducted a motor vehicle stop.

12. Plaintiff CHAMBERS was a passenger in the above mentioned motor vehicle.

13. CHAMBERS engaged in a motor vehicle related conversation with Police Officer MICHAEL SCHMIDT.

14. At all times relevant herein, Plaintiff CHAMBERS did not commit any crimes.

15. At all time relevant herein, defendant Police Officer MICHAEL SCHMIDT, did illegally cause the arrest of Plaintiff CHAMBERS, by illegally arresting and detaining him for disorderly conduct.

16. Defendant Police Officers, GIACONE, GALANT, and KAMPERVEEN, clearly observed that Plaintiff did not engage in any

crimes and failed to intervene, and or participated in the arrest of plaintiff.

17.   Defendant Police Officers created a false police report, with the intent to cause the malicious prosecution of plaintiff, and prosecutors relied upon such false reports from arraignment till trial.

18.   Unknown to the defendant police officers at the time, the entire episode was recorded via mobile device.

19. CHAMBERS was forced to attend numerous court appearances up to the point of trial.

20. As a result of the arrest, the plaintiff lost personal property being held by the defendants, and said defendant did not compensate nor return said property.

21. Plaintiff CHAMBERS, despite being offered a generous plea offer at a subsequent prosecution, refused same and demanded a jury trial.

22. At trial, the defendant police officers observed the video for the first time and lied to an empanelled jury about with they observed.

23.   The jury trial ended after the false police testimony when the prosecution dismissed all charges against plaintiff.

4

COUNT ONE

24. Plaintiff herein alleges paragraphs 1 thruu 23 as though alleged herein and states the following: The above defendants did with malice and hatred, attempted to prosecute and cause the unlawful conviction of the plaintiff.

COUNT TWO

25. Plaintiff hereby alleges paragraphs 1 through 24, as though fully alleged herein and states the following: The defendants unlawfully retained property of the plaintiff and to date has not returned said property.

COUNT THREE

26. Plaintiff alleges herein paragraphs 1 through 25, as though fully alleged herein and states the following: The COUNTY OF NASSAU is notorious for arresting young African American males (plaintiff is African American) and creating false police reports in an attempt to harass, arrest, and convict same. This pattern is consistent and ongoing.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

  a)  On each Count in such sums as may be determined upon the trial of this action, including, but not limited to general damages, special damages and punitive damages,

b)   Punitive Damages as to all Defendants for intentional conduct as described above.

c)   For reasonable attorney's fees pursuant to 42 U.S.C. §1988, together with co sts and disbursements; and

d)   For such other and further relief as this Court may deem just and proper.

Dated:   January 8, 2019

                                    Law Offices of Vincent S. Wong

                                    By:   */s/ Vincent S. Wong*
                                            Vincent S. Wong, Esq.
                                            39 East Broadway, Suite 306
                                            New York, New York 10002
                                            Tel: (212) 349-6099
                                            Attorneys for Plaintiff