UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
KRISTOFER CHAMBERS,

                    Plaintiff,                    19-CV-0158 (SJF)(AYS)

          -against-

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, P.O. MICHEAL SCHMIDT, P.O.
OMAR GALAN, P.O. JOSEPH GIACONE, P.O.
MICHEAL KAMPERVEEN, AND POLICE OFFICERS
JOHN AND JANE "DOES" individually and in their
official capacities (said names being fictitious and meaning
to represent police officers whose names and true identities
are currently unknown to the plaintiff,)
                                  Defendants.
-----------------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF COUNTY DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

JARED A. KASSCHAU
Nassau County Attorney
One West Street
Mineola, New York 11501

JEREMY J. SCILEPPI
Deputy County Attorney
One West Street
Mineola, New York 11501

IGOR MURTA
Student Intern
One West Street
Mineola, New York 11501

# TABLE OF CONTENTS

PRELIMINARY STATEMENT………………………………………………………...........1

STANDARD OF REVIEW………………………………………………………………......3

ARGUMENT………………………………………………………………………………….3

    A. THE CLAIM OF MALICIOUS PROSECUTION SHOULD BE DISMISSED AS THE PRIOR CRIMINAL CASE WAS NOT DISMISSED IN THE PLAINTIFF'S FAVOR….3
    B. PLAINTIFF IS PRECLUDED FROM RAISING A STATE LAW CLAIM IN THIS COURT BECAUSE THE STATUTE OF LIMITATIONS HAS EXPIRED……………..4
    C. PLAINTIFFS CLAIM FOR TAKING OF HIS PROPERTY FAILS BECAUSE IT ALLEGES MERE CONCLUSORY STATEMENTS AND SHOULD BE DISMISSED SINCE PLAINTIFF DOES NOT PLEAD SUFFICIENT FACTS TO ILLUSTRATE THIS……………………………………………………………………………………..6
    D. PLAINTIFF ALLEGES A PATTERN OF RACIAL PROFILING PERPETRATED BY THE DEFENDANT AGAINST HIMSELF AND PEOPLE OF SIMILAR ETHNIC BACKGROUNDS, HOWEVER, OFFERS NO FACTS TO SUPPORT THIS CONCLUSORY CLAIM AND SHOULD THEREFORE BE DISMISSED……………..7

CONCLUSION………………………………………………………………………………..8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

KRISTOFER CHAMBERS,

                Plaintiff,                19-CV-0158 (SJF)(AYS)

      -against-

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, P.O. MICHEAL SCHMIDT, P.O.
OMAR GALAN, P.O. JOSEPH GIACONE, P.O.
MICHEAL KAMPERVEEN, AND POLICE OFFICERS
JANE AND JOHN "DOES", individually and in their
official capacities (said names being fictitious and meaning
to represent police officers whose names and true identities
are currently unknown to the plaintiff,

                Defendants.
------------------------------------------------------------------- X

## DEFENDANTS' MEMORANDUM OF LAW

                                        JARED A. KASSCHAU
                                        Nassau County Attorney
                                        By: Jeremy J. Scileppi
                                        Deputy County Attorney
                                        *Attorney for Defendants*
                                        One West Street
                                        Mineola, New York 11501
                                        (516) 571-3032

# PRELIMINARY STATEMENT

Defendants, County of Nassau, Nassau County Police Department, P.O. Michael Schmidt, P.O. Omar Galan, P.O. Joseph Giacone, P.O. Michael Kamperveen, and Police officers Jane and John "Does" individually and in their full capacities (collectively as "Defendants") submit their motion seeking dismissal of Plaintiff Kristofer Chambers (hereinafter " Plaintiff") complaint. Plaintiff alleges that Defendant violated constitutional rights under 42 U.S.C §§1983, 1985, and 1988 by infringing upon his due process, unconstitutional taking of his property, a regulatory taking, malicious prosecution, and intentional infliction of emotional distress.

Plaintiff, however, has not timely commenced his state law claim under N.Y. Gen. Mun. Law § 50-e (McKinney) nor under N.Y. Gen. Mun. Law § 50-i (McKinney) which require the Plaintiff to file a notice of claim with the municipality within 90 days after the claim arises §50-e (1) (McKinney 2019) and further the plaintiff must file the action or special proceeding within one year and ninety days after the occurrence of the event upon which the claim is based. §50-I (1)(c) (McKinney).

Plaintiff filed this complaint on January 8, 2019. This claim in regard to the intentional infliction of emotional distress should have been commenced on or before November 14, 2015. Plaintiff instead filed this action approximately 3 years, one month and 18 days past the date that the applicable statute of limitations would allow. Thus, the statute of limitations according to N.Y. State General Municipal Law would preclude this state law action from being brought in this forum or any other court.

Even if the Plaintiff were to argue that his claim is not time barred under the 3-year statute of limitations laid out in N.Y. C.P.L.R. 214(c)(5) (McKinney), it is improper for Plaintiffs claim of malicious prosecution to be proceed. Plaintiff is unable to prove that his criminal case

1

had a termination in his favor. The charges against him were "dismissed" at some point after the commencement of a jury trial for one misdemeanor and one violation. The People dismissed the charges pursuant to N.Y. Crim. Proc. Law § 170.30(1)(g) in the interest of justice which is further expanded upon in N.Y. Crim. Proc. Law § 170.40 (McKinney). This is not a dismissal of the case on its merits. As it was held in *Lanning v. City of Glens Falls,* a vague allegation that Plaintiff's case was dismissed is consistent with dismissal on any number of procedural or jurisdictional grounds, all of which fail to affirmatively indicate innocence. 908 F.3d 19, 28 (2d Cir. 2018). Plaintiff here has had their criminal proceeding terminated however, they have failed to show that it was terminated favorably on the merits of the case.

Plaintiff is attempting to use this Court as a vehicle to assert time barred and substantively defective claims which would preclude the Plaintiff from any form of relief. The state law claim is being added to the federal law claim in an attempt to get a bite at the apple that the plaintiff never preserved by failing to follow the applicable New York State statute of limitations. Plaintiffs state law claim for intentional infliction of emotional distress is barred by a one-year statute of limitation which runs sequential after the occurrence of such a tort. N.Y. C.P.L.R. 215 (McKinney), *See also Solomon v. Siemens Indus., Inc.,* 8 F. Supp. 3d 261, 285 (E.D.N.Y. 2014), *Stordeur v. Computer Assocs. Int'l, Inc.,* 995 F. Supp. 94, 98 (E.D.N.Y. 1998), and *Campbell v. Grayline Air Shuttle, Inc.,* 930 F. Supp. 794, 803 (E.D.N.Y. 1996). Defendants accordingly seek an outright dismissal of these allegations and whatever other remedy the court may deem just and proper on the grounds that Plaintiff has failed to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## STANDARD OF REVIEW

"In accordance with the Supreme Courts decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) "a plausibility standard" that in turn is led by "[t]wo working principles." *Ashcroft v. Iqbal*, 129 S. Ct. 1937,1949, 173 L. Ed. 2d 868 (2009). The Court "must accept all allegations as true that is listed within a complaint, this standard however, is inapplicable to legal conclusions and threadbare recitals of the elements of a cause of action that are only supported by mere conclusory statements." *Id.* On that note, only a complaint with a plausible claim for relief will survive a motion to dismiss, this determination however, is dependent on the context of the situation and requires the Court at bar to draw on its own judicial experience and common sense. *Id.* At 1950.

Plaintiff has asked for redress by this Court however, they have failed to do so in a timely manner. "A motion to dismiss based on the statute of limitations may be granted only if "there is no factual question as to whether the alleged violations occurred within the statutory period[.]" *Schenker AG v. Societe Air France*, 102 F. Supp. 3d 418, 422 (E.D.N.Y. 2015). Dismissal is appropriate only if a complaint clearly shows the claim is out of time. *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999). In the present case the Plaintiff has asserted his claims well past the applicable time limitation and should be precluded from seeking relief.

## ARGUMENT

### A. *The claim of malicious prosecution should be dismissed as the prior criminal case was not dismissed in the plaintiff's favor.*

It is clear that in order to maintain a claim under 42 U.S.C. §1983 for malicious prosecution, the Plaintiff must show "a perversion of the proper legal procedures." *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 117 (2d Cir. 1995). The malicious prosecution, however, must occur after the arraignment proceedings. *Id.* "Only when a legal prosecution, a judicial

3

proceeding, has been maliciously, and without probable cause, instituted against the plaintiff, and has been terminated in the plaintiff's favor is there an instance of malicious prosecution." *Id.* In the case at bar the District Attorney's Office of Nassau County chose to dismiss the charges against the Plaintiff after counsel for the Plaintiff presented information which contradicted the arresting officers' testimony. In order for a charge of malicious prosecution to be successful, a key element is required. There must be a termination in favor of the plaintiff, or to put it plainly, "the final disposition is such as to indicate the innocence of the accused." *Rivas v. Suffolk Cty.*, 326 F. Supp. 2d 355, 363 (E.D.N.Y. 2004). Here, the prosecutor for whatever reason, chose to dismiss the charges against the Plaintiff. In the absence of a decision on the merits, the plaintiff must show that the final disposition is indicative of innocence. *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir. 1995). The case against Plaintiff Chambers does not have such an indication of innocence based upon the record of the case.

Like the litigant in *Lanning*, Plaintiff states that the People chose to dismiss the case after video evidence was provided by the Plaintiff to the jury. This is a vague recitation of what happened at the trial, The District Attorney may have dismissed based upon any number of procedural deficits regarding the People's case. This is consistent with dismissal on any number of procedural or jurisdictional grounds, all of which fail to affirmatively indicate actual innocence. *Lanning* 908 F.3d at 28. Without this affirmative showing of innocence, Plaintiff's claim for malicious prosecution has a deficit which requires the present complaint to be dismissed.

### B. *Plaintiff is precluded from raising a state law claim in this Court because the statute of limitations has expired.*

The primary thrust of the notice of claim is to allow a municipality to investigate a claim

thoroughly. *Burbar v. Inc. Vill. of Garden City*, 961 F. Supp. 2d 462, 468 (E.D.N.Y. 2013). This allows the municipal corporation adequate opportunity to investigate the circumstances surrounding the issue and explore the merits of the claim while the information is likely to be available. *Keating v. Gaffney*, 182 F. Supp. 2d 278, 292 (E.D.N.Y. 2001). It is therefore imperative that a Plaintiff comply with the notice of claim prescribed under § 50-e (McKinney 2019), the failure to timely file a notice of claim shall be fatal unless the action has been brought to vindicate a public interest, or leave to serve late notice has been granted by the court. *Mills v. County of Monroe.*, 59 N.Y.2d 307, 308, 451 N.E.2d 456, 456 (1983).

Plaintiff's claim for intentional infliction of emotional distress is barred by a one-year statute of limitation N.Y. C.P.L.R. 215 (McKinney 2019) *See also Solomon,* 8 F. Supp. 3d 285, 995 F. Supp. at 98, and *Campbell,* 930 F. Supp. at 803. A court may not entertain such request filed after the one-year and ninety-day statute of limitation period for bringing tort claims against a municipality has expired. *Varricchio v. Cty. of Nassau*, 702 F. Supp. 2d 40, 63 (E.D.N.Y. 2010) (citing *Porcaro v. Town of Beekman,* 15 A.D.3d 377, 790 N.Y.S.2d 58, 59 (App.Div.2005). Plaintiff is time barred according to N.Y. Gen. Mun. Law §§50(e) and 50(I). Therefore, Plaintiff is precluded from bringing this claim before this Court in the first instance.

Plaintiff also did not take any steps to toll the statute of limitations in the case at bar, and there has been no motion filed that would indicate otherwise. In order to effectively toll the statute of limitations the Plaintiff would have had to ask an appropriate court for "leave to serve late notice or if such a claim would vindicate a public interest." *Keating* 182 F. Supp. 2d at 290. Plaintiff has done neither. In addition to not requesting leave to file late or to vindicate a public interest, Plaintiff is also not entitled to tolling because Plaintiff is neither an infant nor is Plaintiff insane according to any documentation that has been submitted to the court. *Id.*. (Litigant

requested a tolling of statute of limitations and was denied due to the litigant not being an infant or Insane. Therefore, the statute of limitations ran from the date that the alleged tort occurred thus making the state law claim time barred.)

### C. *Plaintiffs claim for taking of his property fails because it alleges mere conclusory statements and should be dismissed since Plaintiff does not plead sufficient facts to illustrate this.*

Plaintiff claims that he had property that was unlawfully taken from him and not returned. However, Plaintiff does not indicate what was taken, nor does he say who took said property from him. The complaint alleges a vague removal of Plaintiffs unidentified property but offers no other statements to support this contention. "A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Ashcroft*, 556 U.S. 662, 129 S. Ct. at 1940.

Here, Plaintiff plummets far below the short and plain statement entitling him to relief standard as laid out in Fed. R. Civ. Pro. 8(a)(2). "A complaint must include a plain statement of the claim ... [that] give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007). "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (citing *Ashcroft* 556 U.S. 662, 129 S. Ct. at 149)" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). In this matter, Plaintiff does not even state what type of property was taken from him, thus amplifying the deficiency of the allegation. For these reasons, Plaintiff's non-specific property claims should be dismissed.

**D.** *Plaintiff alleges a pattern of racial profiling perpetrated by the defendants against himself and people of similar ethnic backgrounds, however, he offers no facts to support this conclusory claim and it should therefore be dismissed.*

Plaintiff alleges that the accused Defendants have engaged in a persistent pattern of discriminating against African American males, and alleges they engage in creating false reports in an attempt to harass, arrest, and convict members of this class of citizens. At no point in the Plaintiff's recitation of these assertions, does Plaintiff point to any specific statistical study, document analysis, pattern of filings, press accounts or any research or documentation whatsoever to suggest that such a pattern or policy of racial profiling exists. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Ashcroft* 556 U.S. 662, 129 S. Ct. at 1940. Plaintiff has failed to show any information that would support such a claim in order to avoid dismissal of this portion of his complaint.

Here Plaintiff has offered the Court a dearth of information by which to assess the legal viability of their claim of an abusive pattern of illegal conduct. These weak assertions fail to meet the strict standards laid out in *Ashcroft* and *Twombly*, that require a short plain statement of the facts that allow the Court to determine whether the pleading is factually sufficient to survive a motion to dismiss. Therefore, this claim should also be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court enter an order granting their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss all of the allegations in the complaint of Kristofer Chambers.

Dated: Mineola, New York
       June 26, 2019

                                          JARED A. KASSCHAU
                                          Nassau County Attorney
                                          By:   /s/
                                          Jeremy J. Scileppi
                                          Deputy County Attorney
                                          One West Street
                                          Mineola, New York 11501
                                          (516) 571-3013
                                          Attorneys for Defendants