# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------x
KRISTOFER CHAMBERS,                          CIVIL ACTION: 19-CV-158

                Plaintiff,

  - against -                             **COMPLAINT**

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT; Police Officer
MICHAEL SCHMIDT; Police Officer
OMAR GALAN; Police Officer JOSEPH
GIACONE; Police Officer MIKE
KAMPERVEEN; and POLICE OFFICERS
JANE AND JOHN "DOES" individually
and in their official capacities
(said names being fictitious and
meaning to represent police officers
whose names and true identities
are currently unknown to plaintiff)     Jury Trial Demanded
               Defendants.
-------------------------------x


    1.   Plaintiff, KRISTOFER CHAMBERS, by his attorney, LAW OFFICES OF VINCENT S. WONG, complains of the Defendants and respectfully sets forth to this Court as follows:

**PRELIMINARY STATEMENT**

    2.   This action is brought pursuant to the provisions of 42.U.S.C. §§ 1983, 1985 and, pursuant to claims for, deprivation of Plaintiff's constitutional rights, including lack of due process, unconstitutional taking of property, regulatory taking, malicious prosecution, and intentional infliction of emotional distress.

## JURY TRIAL DEMANDED

3.    Plaintiff demands trial by jury in this action.

## JURISDICTION AND VENUE

4.    This action arises under the 4th, 5th, 6th, 8th and 14th Amendments to the United States Constitution, under 42 U.S.C. §§§1983, 1985 and 1988.

5.    The jurisdiction of this Court is predicated upon 28 U.S.C. §1331 and §1343(a)(3) and (4), and upon pendent jurisdiction.

6.    Venue lies in this district pursuant to 28 U.S.C. §1391(b).

## THE PARTIES

7.    The Plaintiff was and still is a resident of Nassau County, City and State of New York.

8.    Upon information and belief, and at all times hereinafter mentioned, defendants, COUNTY OF NASSAU, (hereinafter "NASSAU") and NASSAU COUNTY POLICE DEPARTMENT are governmental entities existing under the mandate and laws of the State of New York.

9.    Upon information and belief, and at all times hereinafter mentioned, all of the abovementioned defendant Police Officers, MICHAEL SCMHIDT, OMAR GALANT, JOSEPH GIACONE, and MIKE

KAMPERVEEN were on duty and acting in their official capacities as police officers.

## THE FACTS

10.   This case primarily concerns of the malicious prosecution by Nassau County police officers who fabricated evidence and testified falsely at trial, in an attempt to cause the unlawful conviction of the Plaintiff KRISTOFER CHAMBERS.

11.   On or about November 19th, 2014 at approximately 4:37pm in the County of Nassau inside the main parking lot area of a shopping mall known as GREEN ACRES, the above mentioned defendant police officers conducted a motor vehicle stop.

12.   Plaintiff CHAMBERS was a passenger in the above mentioned motor vehicle.

13.   CHAMBERS engaged in a motor vehicle related conversation with Police Officer MICHAEL SCHMIDT.

14.   At all times relevant herein, Plaintiff CHAMBERS did not commit any crimes.

15.   At all time relevant herein, defendant Police Officer MICHAEL SCHMIDT, did illegally cause the arrest of Plaintiff CHAMBERS, by illegally arresting and detaining him for disorderly conduct.

16.   Defendant Police Officers, GIACONE, GALANT, and KAMPERVEEN, clearly observed that Plaintiff did not engage in any

3

crimes and failed to intervene, and or participated in the arrest of plaintiff.

17. Defendant Police Officers created a false police report, with the intent to cause the malicious prosecution of plaintiff, and prosecutors relied upon such false reports from arraignment till trial.

18. Unknown to the defendant police officers at the time, the entire episode was recorded via mobile device.

19. CHAMBERS was forced to attend numerous court appearances up to the point of trial.

20. As a result of the arrest, the plaintiff lost personal property being held by the defendants, and said defendant did not compensate nor return said property.

21. Plaintiff CHAMBERS, despite being offered a generous plea offer at a subsequent prosecution, refused same and demanded a jury trial.

22. At trial, the defendant police officers observed the video for the first time and lied to an empanelled jury about with they observed.

23. The jury trial ended after the false police testimony when the prosecution dismissed all charges against plaintiff.

4

COUNT ONE

24. Plaintiff herein alleges paragraphs 1 thruu 23 as though alleged herein and states the following:  The above defendants did with malice and hatred, attempted to prosecute and cause the unlawful conviction of the plaintiff.

COUNT TWO

25. Plaintiff hereby alleges paragraphs 1 through 24, as though fully alleged herein and states the following:  The defendants unlawfully retained property of the plaintiff and to date has not returned said property.

COUNT THREE

26. Plaintiff alleges herein paragraphs  1 through 25, as though fully alleged herein and states the following:  The COUNTY OF NASSAU is notorious for arresting young African American males (plaintiff is African American) and creating false police reports in an attempt to harass, arrest, and convict same.  This pattern is consistent and ongoing.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

a)    On each Count in such sums as may be determined upon the trial of this action, including, but not limited to general damages, special damages and punitive damages,

5

b)     Punitive Damages as to all Defendants for intentional conduct as described above.

c)     For reasonable attorney's fees pursuant to 42 U.S.C. §1988, together with co sts and disbursements; and

d)     For such other and further relief as this Court may deem just and proper.

Dated:     January 8, 2019

                      Law Offices of Vincent S. Wong

                      By:   */s/ Vincent S. Wong*
                           Vincent S. Wong, Esq.
                           39 East Broadway, Suite 306
                           New York, New York 10002
                           Tel: (212) 349-6099
                           Attorneys for Plaintiff