Vincent S. Wong, Esq.
Eugene Kroner, Esq.
Law Offices of Vincent S. Wong
39 East Broadway, Suite 306
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
KRISTOFER CHAMBERS,                                   Civil Action No. 19-CV-158

                *Plaintiff,*

       – against –

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT; Police Officer
MICHAEL SCHMIDT; Police Officer
OMAR GALAN; Police Officer JOSEPH
GIACONE; Police Officer MIKE
KAMPERVEEN; and POLICE OFFICERS
JANE AND JOHN "DOES" individually and in their
official capacities (said names being fictitious and meaning
to represent police officers whose names and true identities
are currently unknown to plaintiff),

                *Defendants,*
------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW**
**IN OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS PURSUANT TO FED. R. CIV. PRO 12(b)(6)**

Dated: July 24, 2019                                     Respectfully submitted,
      New York, New York

                                       **LAW OFFICES OF VINCENT S. WONG**

                            By:   */s/ Eugene Kroner*
                               Eugene Kroner, Esq.
                               39 East Broadway, Suite 306
                               New York, NY 10002
                               Tel: (212) 349-6099
                               *Attorneys for Plaintiff*

## TABLE OF CONTENTS

                                                                                                         Page

PRELIMINARY STATEMENT..................................................................................1

STATEMENT OF FACTS........................................................................................1

ARGUMENTS......................................................................................................1-9

       A. *Legal Standard – State and Federal § 1983 Claims*................................1-2

       B. *Notice of Claim is Not Required for Federal Claims Arising out of § 1983*......2

       C. *Legal Standard – Disposition in Plaintiff's Favor*...................................3

       D. *Disposition pursuant to CPL § 170.30(1)(g) was a Favorable Dismissal*........3-4

       E. *Legal Standard – Statute of Limitations is 3 Years*..................................4-5

       F. *Statute of Limitations Did Not Run, Plaintiff Filed Prior to*

           *3 Year Statute of Limitations*..............................................................5-6

       G. *Legal Standard – Dismissal pursuant to Fed. R. Civ. Pro. 12(b)(6)*...............6-7

       H. *Dismissal is Not Appropriate*

           *– Reasonable Inferences Exist in the Plaintiff's Favor*..........................7-9

CONCLUSIONS....................................................................................................9

## PRELIMINARY STATEMENT

Plaintiff, KRISTOFER CHAMBERS, by their undersigned attorneys, the Law Offices of Vincent S. Wong, hereby submit this memorandum of law in opposition to the Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(6) and other requested relief. For the reasons and arguments set forth below, Plaintiff respectfully requests that this Court deny Defendants' motion in its entirety.

## STATEMENT OF FACTS

This action arises out of Defendants' malicious actions against the Plaintiff involving an arrest and prosecution. The matter further arises out of violations of civil rights and federal laws wherein the Defendants attempted to cause the unlawful conviction of the Plaintiff. Defendant was a passenger of a vehicle, wherein he was later unlawfully arrested and detained. The events of the arrest were recorded and came to light at trial. Upon review of the video, it became clear to the Prosecution and the Court that the arresting officer perjured himself about the circumstances of the arrest, that police records were falsified, and more glaringly that the Plaintiff was innocent. Plaintiff seeks to recover damages, reasonable attorneys' fees, punitive damages, costs, and fees arising out of the civil rights violations.

## ARGUMENT

### A. *Legal Standard – State and Federal § 1983 Claims*

"We start with the general rule that in a federal court, state notice-of-claim statutes apply to state-law claims." *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999) An absence of a notice-of-claim provision generally does not render a federal statute deficient, unless Congress specifically intends such a requirement. *Hardy v. New York City Health & Hosp. Corp.*, at 793. A notice-of-claim does not apply for federal claims under the § 1983 Act. Congress appears to have intended that a notice-of-claim to be filed for § 1983 claims arising out

1

of personal injury, but this action does not seek personal injury damages. *Id.*; *Felder v. Casey*, 487 U.S. 131, 131-132 (1988)

Further in *Ahern*, the Court succinctly states, "the defendants assert that the complaint must be dismissed because the plaintiff failed to provide notice of her claims pursuant to New York General Municipal Law § 50–e. This assertion is without merit. Section 50–e requires a plaintiff in 'any case founded upon tort,' to serve a notice of claim upon a prospective municipal defendant no later than ninety days after the claim arises." *Aguilar v. The New York Convention Center Operating Corp.*, 174 F.Supp.2d 49, 54 (S.D.N.Y. Nov.5, 2001) (quoting N.Y. Gen. Mun. Law § 50–e(1)(a)). While the notice of claims requirement applies to state-based claims, it does not apply to actions brought pursuant to Section 1983. *See Felder v. Casey*, 487 U.S. 131, 140–142, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988). Thus, the plaintiff was not obligated to provide a notice of her claims in a Section 1983 cause of action." quoting *Ahern v. Neve*, 285 F.Supp.2d 317, 321 (E.D.N.Y. 2003)

### B. *Notice of Claim is Not Required for Federal Claims Arising out of § 1983*

First and foremost, Plaintiff's causes of actions arise strictly out of the 4th, 5th, 6th, 8th, and 14th Amendments to the United States Constitution, under 42 U.S.C. §§ 1983, 1985 and 1988 as alleged in the complaint. Plaintiff does not seek state based causes of actions against Defendant. Plaintiff is not required to serve a notice of claim for federal claims. *Ahern v. Neve*, at 321; *Hardy*, at 793.

Plaintiff's first through third causes of actions all arise out of the U.S. Constitution and federal law, and involve malicious prosecution, unlawful conviction, unlawful taking of property, and racial discrimination. Defendants' actions were such that they deprived Plaintiff of his rights under federal laws. Plaintiff does not seek personal injury damages or other relief arising out of state causes of actions. Plaintiff had no obligation to serve a notice of claim for federal claims.

2

### C. *Legal Standard – Disposition in Plaintiff's Favor*

For a dismissal in the interest of justice to be a favorable termination, the Court's reasons for the dismissal must not be inconsistent with the innocence of the accused. *Arum v. Miller*, 273 F.Supp.2d 229, 234 (E.D.N.Y. 2003) Any termination of a criminal prosecution, wherein the criminal charges may not be brought again, would qualify as a favorable termination as long as the circumstances related to that termination are not inconsistent with the accused's innocence. *Cantalino v. Danner*, 96 N.Y.2d 391, 395-397 (2001); *Genovese v. County of Suffolk*, 128 F.Supp.3d 661, 672 (E.D.N.Y. 2015). Termination of an action in accordance with Criminal Procedure Law (CPL) § 170.30(1)(g) is a termination in the accused's favor when the circumstances for the dismissal support innocence. *Arum v. Miller*, at 234-235. Case law has expressly rejected the argument that a dismissal in the interests of justice is unfavorable, and instead hold that a dismissal in the interests of justice could be favorable based on the circumstances. *Cantalino*, at 396-397.

### D. *Disposition pursuant to CPL § 170.30(1)(g) was a Favorable Dismissal*

The criminal action against the Plaintiff resulted in a dismissal of all charges pursuant to CPL § 170.30(1)(g). (*see* **Exhibit 1**). The Nassau County, District Court dismissed the charges against Plaintiff in the interest/furtherance of justice. (*see* **Exhibit 1**). The circumstances of the dismissal involved the Prosecutor's decision to dismiss after substantial video evidence supported a testifying police officer's utter perjury about the circumstances of the arrest. The video revealed substantial contradictory evidence that proved Plaintiff's innocence.

Defendants cite to *Lanning v. City of Glen Falls* in an attempt to support their arguments about whether a termination is favorable or not, yet the Court in *Lanning* supports the Plaintiff's arguments. Even in § 1983 malicious prosecution claims, a favorable termination is defined by affirmative indications of innocence. *Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018)

Defendants concede in their moving papers that the Plaintiff presented information which contradicted the arresting officer's testimony. (*see* Defendant's Memorandum of Law, p. 4). These contradictions and perjury of the officer expressly led to the dismissal of the charges against Plaintiff because his innocence became apparent.

Defendants appears to suggest that the dismissal resulted from procedural defects, yet the People proceeded with all aspects of litigation, took the case to trial, called their witnesses, and only then after exculpatory evidence came to light did the District Attorney's office decide to dismiss all charges.

Defendants make light of the facts and the record, the criminal matter was not dismissed because of any purported procedural defects or mercy – rather it was dismissed because the police officer was caught lying on the stand about the circumstances of the arrest. The criminal matter was dismissed because the evidence showed Plaintiff's innocence. Defendants violated Plaintiff's civil rights. These criminal charges may not be brought again, and in fact have not been brought again.

A final disposition occurred resulting in a favorable dismissal. The dismissal of the criminal action against the Plaintiff occurred under circumstances that supported Plaintiff's innocence.

E. *Legal Standard – Statute of Limitations is 3 Years*

Claims brought pursuant to 42 U.S.C. § 1983 are governed by the statute of limitation analogous to state law. The New York statute of limitations for § 1983 claims is three years. *Soto v. Brooklyn Correctional Facility*, 80 F.3d 34, 35 (2d Cir. 1996); *Bailey v. City of NY*, 79 F.Supp.3d 424, 440 (E.D.N.Y. 2015); *Bezerra v. County of Nassau*, 846 F.Supp. 214, 218 (E.D.N.Y. 1994); *Conway v. Village of Mount Kisco, N.Y.*, 750 F.2d 205, 212 (2d Cir. 1984). The statute of limitation further accrues when a plaintiff knows or has reason to know of the injury which is the basis of

the action. *Bailey v. City of NY*, at 440; *Ormiston v. Nelson*, 117 F.3d 69, 70 (2d Cir. 1997). A claim for malicious prosecution accrues upon the termination of the criminal proceeding in favor of the plaintiff. *Singleton v. City of NY*, 632 F.2d 185, 193 (2d Cir. 1980); *Bezerra v. County of Nassau*, at 219. The accrual date for malicious prosecution actions occur at the time of final disposition. *Singleton v. City of NY*, at 193.

Similarly a taking without due process claim stemming out of a § 1983 action and 14th amendment violation, and a discrimination cause of action claim, all follow a three year statute of limitations. *Cangemi v. U.S.*, 939 F.Supp.2d 188, 200 (E.D.N.Y. 2013); *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 225-226 (2d Cir. 2004); *Lawson v. Rochester City School Dist.*, 2010 WL 4174630, at 3 (W.D.N.Y. 2010)

**F.** *Statute of Limitations Did Not Run, Plaintiff Filed Prior to 3 Year Statute of Limitations*

The accrual date for the Plaintiff's cause of actions occurred on January 12, 2016 when the action was dismissed. (*see* **Exhibit 1**) The action was filed on January 8, 2019. (*see* **Exhibit 2**) The three year statute of limitations would have ran on January 12, 2019. Plaintiff timely filed this instant action prior to the expiration of the statute of limitations.

Defendant erroneously argues that a one year statute of limitation applies. In fact, Defendant also erroneously argues that Plaintiff brought a state claim for emotional distress. Plaintiff's causes of actions arise expressly out of federal law and the constitution, and not state causes of actions. Plaintiff did not bring a personal injury action against the Defendants, nor did Plaintiff pursue any action that involves a one-year or one-year-and-ninety-day statute of limitations. The Courts have routinely held that federal actions arising out of the § 1983 violations mirror the state's statute of limitations, and that is three years. Each of the causes of actions plead in the complaint maintain a three year statute of limitation that did not expire at the time of filing.

5

*Soto v. Brooklyn Correctional Facility*, at 35; *Cangemi v. U.S.*, at 200; *Patterson v. County of Oneida, N.Y.*, at 225-226.

### G. *Legal Standard – Dismissal pursuant to Fed. R. Civ. Pro. 12(b)(6)*

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) must be reviewed by accepting all factual allegations in the complaint and drawing all reasonable inferences in the Plaintiff's favor. *Atsi Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d. Cir.2007); *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 161 (2d. Cir. 2000); *Kittay v. Kornstein*, 230 F.3d 531, 535 (2d Cir. 2000). In addition, the Court is to consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, legally required public disclosure documents…, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit. *Atsi Commc'ns, Inc.*, at 98; *Rothman v. Gregor*, 220 F.3d 81, 88 (2d. Cir. 2000).

"To survive dismissal, the Plaintiff must provide the grounds upon which its claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *Atsi Commc'ns, Inc.* at 98 quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2d. Cir.2007). The need for a plausible ground "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence." *Id.* at 545. Though a complaint does not need detailed factual allegations, a plaintiff's obligation is only to provide grounds of entitlement to relief. *Bell Atl. Corp. v. Twombly*, at 545-546.

A claim is considered to have facial plausibility when the plaintiff pleads factual content only sufficient enough for a court to draw a reasonable inference that a defendant is liable for alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Once a claim has been adequately stated, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 1969; *Atsi Commc'ns, Inc.* at 98.

Even under the standard imposed by Fed. R. Civ. P. 8(a)(2), a plaintiff is only required to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff's obligation is merely to provide defendant notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp.*, at 545.

**H.** *Dismissal is Not Appropriate – Reasonable Inferences Exist in the Plaintiff's Favor*

The Court is to accept the facts within the complaint as true by drawing reasonable inferences in favor of the Plaintiff. (*see* **Exhibit 2**) The facts involve an arrest of Plaintiff in violation of his civil rights which resulted in favorable dismissal on January 12, 2016 after video evidence supported Plaintiff's innocence and the arresting officer was caught lying. Enough facts already exist to raise a reasonable expectation that discovery will reveal evidence of the minutes of the trial which resulted in dismissal. No reasonable argument can exist as to the dismissal of the criminal charges pursuant to CPL § 170(1)(g) (*see* **Exhibit 1**), and the favorable dismissal can be supported by further discovery. The facts favor the Plaintiff.

When making its reasonable inferences, the Court may rely on the certified disposition of the criminal matter which clearly provides that the criminal matter was dismissed pursuant to CPL § 170.30(1)(g). The Court should be guided by the string of cases previously cited, wherein the Courts held that a dismissal under CPL § 170.30(1)(g) is favorable when the circumstances of dismissal suggest innocence, as they do here. All that Plaintiff must do to survive dismissal is show that relief is beyond speculative. Here, the relief is clearly beyond speculative. Defendants Police Officers created a false police report, with the intent to cause the malicious prosecution of Plaintiff, and prosecutors relied upon such false reports from arraignment to trial.

Defendants make vague arguments related to the sufficiency of the unlawful taking cause of action, yet Defendants fail to credit Plaintiff's express statements in the complaint. (*see* **Exhibit 2**). At the time of the arrest, Plaintiff was taken into custody, and his belongings were

7

removed and stored by the Defendants. In the complaint, Plaintiff states, "[a]s a result of the arrest, the plaintiff lost personal property being held by the defendants, and said defendant did not compensate nor return said property." (*see* **Exhibit 2**, ¶¶ 20, 25)

Defendants fail to articulate that no items were seized, nor do Defendants represent that any items were returned back to Plaintiff. Defendants make no representations that the Plaintiff was allowed to maintain any of his belongings while held arrested at the police station. Instead, Defendants in their moving papers again make light of their own protocols to voucher an arrestee's belongings and possessions upon arrest.

Plaintiff plead sufficient facts to raise a reasonable expectation that discovery will reveal evidence of the minutes of the trial which resulted in a favorable dismissal. No argument can exist as to the dismissal of the criminal charges (*see* **Exhibit 1**), and the favorable dismissal can be supported by further discovery. These facts favor the Plaintiff.

Plaintiff has further plead sufficient facts to show an entitlement to relief and to draw a reasonable inference that Defendants are liable for misconduct involving an unlawful taking that occurred as a result of the arrest. *Bell Atl. Corp.*, at 545-546. Plaintiff's possessions and property were taken and presumably properly vouchered by the Defendants. Discovery will reveal further evidence of the voucher slips, detailing the specific contents removed, that Defendants were obligated to produce to the Plaintiff upon arrest. Defendants file its instant motion prematurely without giving the Plaintiff an opportunity to conduct appropriate discovery, nor have the Defendants produced the necessary documentary evidence in support of their own arguments.

Defendants' finally take the position in its moving papers that Plaintiff was required to provide in its complaint "statistical studies, document analysis, pattern of filings, press accounts or any research or documentarian" to show a pattern of racial profiling – yet Defendants astonishingly recite the standard under Fed. R. Civ. Pro. 8(a)(2) and acknowledge that only a plain

8

statement of the claim is required sufficient enough to provide notice. (*see* Defendant's Memorandum of Law, p. 6 – 7). Plaintiff was under no obligation to produce a statistical analysis of the discrimination claim in its complaint, but rather to provide sufficient notice of its claim. Based on the Defendants' own representations in its moving papers, there can be no doubt that Defendants are aware of the relief that Plaintiff seeks in its causes of actions. In fact, further discovery should yield the exact information that Defendants request which they should certainly already maintain. Defendants themselves should reasonably possess all necessary information as to their own history of prosecuting African American males and racial profiling.

This Court should draw all reasonable inferences in favor of Plaintiff and find that the complaint is sufficiently plead, provides proper notice of the claims therein, and raises the plausible grounds for the relief requested. *Atsi Commc'ns, Inc.*, at 98; *Rothman v. Gregor*, 220 at 88; *Bell Atl. Corp.*, at 545-546. Plaintiff's complaint includes clear allegations related to each claim. Under this standard that favors the Plaintiff, this Court must deny Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) as Plaintiff has met and exceeds its burden.

## CONCLUSION

For all of the arguments set forth herein, the exhibits, and the case law cited, the Court is respectfully requested to enter an Order: (1) denying the Defendants' motion pursuant to Fed. R. Civ. Pro. 12(b)(6) in its entirety; and (2) granting Plaintiff such other and further relief as this Court deems just, proper, and equitable.

Dated: July 25, 2019  
      New York, New York

Respectfully submitted,

**LAW OFFICES OF VINCENT S. WONG**

By:   */s/ Eugene Kroner*  
Eugene Kroner, Esq.  
39 East Broadway, Suite 306  
New York, NY 10002  
Tel: (212) 349-6099  
*Attorneys for Plaintiff*

9