UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
KRISTOFER CHAMBERS,

                    Plaintiff,

-against-

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, P.O. MICHAEL SCHMIDT, P.O.
OMAR GALAN, P.O. JOSEPH GIACONE, P.O.
MICHAEL KAMPERVEEN, AND POLICE OFFICERS
JOHN AND JANE "DOES" individually and in their
official capacities (said names being fictitious and meaning
to represent police officers whose names and true identities
are currently unknown to the plaintiff,)
                    Defendants.
-----------------------------------------------------------------x

19-CV-0158 (SJF)(AYS)

**MEMORANDUM IN RESPONSE**

**MEMORANDUM IN RESPONSE TO PLAINTIFFS ANSWER TO
COUNTY DEFENDANTS' MOTION TO
DISMISS PURSUANT TO FEDERAL RULE
OF CIVIL PROCEDURE 12(b)(6)**

JARED A. KASSCHAU
Nassau County Attorney
One West Street
Mineola, New York 11501

JEREMY J. SCILEPPI
Deputy County Attorney
One West Street
Mineola, New York 11501

IGOR MURTA
Student Intern
One West Street
Mineola, New York 11501

## PRELIMINARY STATEMENT

The Plaintiff failed to provide this court with evidence sufficient to support their claim that the complaint should survive a motion to dismiss pursuant to F.R.C.P 12(b)(6). The Plaintiff failed by not providing a transcript of the trial where the purported video was introduced to diminish the efficacy of the police testimony. Similarly, Plaintiff has failed to provide a transcript of Kristofer Chambers criminal charges and the record of the disposition of those charges which would support Plaintiff's claim that the dismissal pursuant to C.P.L.R. §170.30(1)(g) was on the merits, which would constitute a favorable termination. The County Defendants re-affirm all former arguments made in the motion to dismiss pursuant to F.R.C.P 12(b)(6).

## ARGUMENT

### A. Defense does not make an argument as to Plaintiff's untimeliness for the 1983 claims.

As to plaintiff's contention on Page 5 Point F, counsel for the County Defendants does not argue that the statute of limitations for all claims made in Plaintiffs motion are time barred. Defendant counsel instead makes the argument that Plaintiff's state law claim for Intentional Infliction of Emotional Distress is time barred. Plaintiff in their haste may have forgotten to reference their own complaint hereto attached as exhibit 2 in their opposition to Defendants motion to dismiss, wherein on page 1 line 8, plaintiff lays out a claim for intentional infliction of emotional distress. Furthermore, Plaintiff neglects to list this specific claim as a count in their complaint as was done for the other claims made by plaintiff laid out on page 5 of exhibit 2.

Plaintiff thus misconstrues the Defense argument as to untimeliness due to the misapplied way the plaintiff has written their complaint and submitted it to this Court for consideration.

## B. Dismissal is appropriate due to plaintiff's vague recitation of purported facts regarding their Takings claim.

Plaintiff relies on FRCP 8(a)(2) for the fact that a simple and concise recitation of the facts is all that is necessary for a claim of this nature. According to Plaintiff "as a result of the arrest, the plaintiff lost personal property being held by the defendants and said defendant did not return said property." (Exhibit 2 Page 4 P.20) This is grossly vague for a multitude of reasons. The plaintiff does not say what said property is, this detail apparently is lost in the ether. Next the plaintiff does not even mention whether any demands for return were forwarded to the defendants, or if other intermediate steps were undertaken to recover said property. Finally, plaintiff references but, does not attach the purported video that proves Plaintiff's innocence. This is an unsworn statement that does not have factual support in the record, is unfounded and should be ignored.

Defense again reiterates that claims must be made pursuant to the standards set forth by FRCP 8(a)(2), however the facts laid out must provide some semblance of a narrative that will support what the plaintiff will be addressing in his complaint. "Mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937,1949, 173 L. Ed. 2d 868 (2009).

## C. Plaintiff has not demonstrated that the Malicious prosecution claim is viable as against the County.

Malicious prosecution claims require four elements to be proven in order to be viable. A plaintiff is required to demonstrate: (i) the commencement or continuation of a criminal proceeding against him/her; (ii) the termination of the proceedings in his/her favor; (iii) "that there was no probable cause for the proceeding"; and (iv) "that the proceeding was instituted with malice." *Mitchell v. City of New York*, 841 F.3d 72, 79 (2d Cir. 2016). Plaintiff bases the entirety of their argument on a video that purportedly shows the that the officer involved in Plaintiff's arrest had perjured himself during his trial testimony. This video is mentioned as the fatal flaw in the District Attorneys case against the Plaintiff. Plaintiff then presents the lower court's final disposition as an exhibit to show that there was a favorable termination. The issue, however, is that plaintiff does not make this video an exhibit to demonstrate this fact to the present Court, and merely dictates this statement to this Court as if it is an accepted fact.

This video which is so crucial to portray Plaintiffs innocence has not been made available to the Defendants or this Court and is in essence an unsworn statement by Plaintiffs' counsel to sway the Court. The Plaintiff states that Defendants concede that Plaintiff presented evidence contradicting the officer's testimony. This is a mischaracterization, we simply reiterate the fact that Plaintiff's counsel makes claims that as of now are unsubstantiated, because Plaintiff has not provided the video evidence to the Court, or the Defendants. "A complaint must include a plain statement of the claim ... [that] give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007). In order to adequately support Plaintiff's account of this police citizen encounter, the video evidence should be attached to their response as an exhibit and made a part of the record for this Court to consider it. In the absence of the submission of that demonstrative evidence to support their

3

contentions this Court should deny the Plaintiffs opposition to the motion to dismiss pursuant to Fed. R. Civ. Pro 12 (b) (6) and grant the County Defendants' requested relief.

**D. Plaintiff must show proof of a municipal policy or practice that caused the Plaintiffs civil rights to be violated.**

At this junction plaintiff has not shown proof that the County of Nassau has a policy of discrimination against African American Males. Plaintiff merely relies on counsel's own statements to be fact. The law requires that the "plaintiff must identify the existence of a municipal policy or practice that caused the alleged constitutional violation." *Mitchell,* 841 F.3d at 80. Here, Plaintiff's counsel has not identified any municipal policy or practice in Nassau County that places his client's assertions squarely in accord with the applicable cases that interpret this type of claim. Instead, Plaintiff postulates his own theory about racial discrimination and implicit biases in an effort to persuade this Court without appropriate data or information connecting this claim to the applicable precedents. The burden of identifying the purported policy or practice that caused the Constitutional violations rests with the Plaintiff. *Monell v. Dep't of Soc. Servs. of City of N.Y.,* 436 U.S. 658, 694–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

## CONCLUSION

Plaintiff counsel has the burden of providing the Court with a complaint that does more than lay out mere conclusions. As the Court held in *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard that Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 at 173 (Citing *Bell-Atlantic Corp*

*v. Twombly* for the premise that a plaintiff has to do more than just say that they were harmed, but they have to go further and provide some context for the Court to use their experience to piece together the complaint and make a ruling.) Plaintiff has not done that here they merely cite to their own complaint which is filled with unsubstantiated, vague and generalized allegations against the County Defendants. These deficiencies fail to meet the requirements of a simple and plain statement of the claim according to F.R.C.P.8(a)(2).

Plaintiff further purports to have video evidence to support their claim for Malicious Prosecution yet fail to produce such video. Ultimately this Court is left to make the decision solely in reliance on the Plaintiffs unsubstantiated word and the non-specific Certificate of Disposition that Plaintiff attaches to their reply as Exhibit 1 to support their contentions. While the Certificate does state that the charge was dismissed in furtherance of justice, it does not state the specific reason as to why the case was dismissed. The Defense respectfully contends that Plaintiff has the burden of proving that Chambers had a favorable termination, yet they have failed to do so.

Accordingly, we ask the court to dismiss this complaint in its entirety with prejudice according to F.R.C.P 12(b)(6).

Dated: Mineola, New York
August 7, 2019

JARED A. KASSCHAU
NASSAU COUNTY ATTORNEY

BY: ____/s/____
JEREMY SCILEPPI
Deputy County Attorney
One West Street
Mineola, New York 11501
(516) 571-3032

5