```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KRISTOFER CHAMBERS,

                        Plaintiff,                                    **REPORT AND**
                                                                      **RECOMMENDATION**
            -against-                                                 CV 19-0158 (SJF) (AYS)

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT; Police Officer
MICHAEL SCHMIDT; Police Officer
OMAR GALAN; Police Officer JOSEPH
GIACONE; Police Officer MIKE
KAMPERVEEN; AND POLICE OFFICERS
JANE AND JOHN "DOES" individually
and in their official capacities
(said names being fictitious and
meaning to represent police officers
whose names and true identities
are currently unknown to plaintiff),

                        Defendants.
------------------------------------------------------------------X
```
**ANNE Y. SHIELDS, United States Magistrate Judge:**

Before the Court, on referral from the Honorable Sandra J. Feuerstein for Report and Recommendation, is Defendants' motion to dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. Plaintiff opposes the motion in its entirety. For the reasons set forth below, this Court respectfully recommends that Defendants' motion be granted in part and denied in part.

BACKGROUND

The facts set forth below are those alleged in Plaintiff's Complaint. While those facts are quite sparse, they are nonetheless accepted as true for the purposes of this motion, as further discussed below.

1

On or about November 19, 2014, Defendant Police Officers Michael Schmidt ("Schmidt"), Omar Galan ("Galan"), Joseph Giacone ("Giacone"), and Michael Kamperveen ("Kamperveen") (collectively, the "Defendant Police Officers"), conducted a traffic stop of an automobile inside the main parking lot area of the Green Acres shopping mall. (Compl. ¶ 11.) Plaintiff, Kristofer Chambers ("Plaintiff" or "Chambers"), was a passenger in the vehicle stopped by the Defendant Police Officers and, following a conversation with Defendant Schmidt, was arrested. (Id. ¶¶ 12, 15.) Defendants Galan, Giacone and Kamperveen were present at the scene and observed Plaintiff's arrest by Schmidt. (Id. ¶ 16.)

While not detailed in the Complaint, the Certificate of Disposition submitted by both sides in support of and in opposition to the within motion, demonstrates that Plaintiff was arrested for obstructing governmental administration in the second degree, which is a misdemeanor, and for disorderly conduct, which is a violation.[1] (Scileppi Decl., Ex. B; Kroner Decl., Ex. 1.) The prosecution against Plaintiff proceeded to trial, where a video recording taken of the motor vehicle stop was produced, at which point the prosecution dismissed all charges against Plaintiff. (Id. ¶¶ 18, 22-23.)

Plaintiff commenced the within action on January 8, 2019, pursuant to 42 U.S.C. § 1983, alleging: (1) claims for malicious prosecution and unlawful taking of property against all Defendants; and (2) municipal liability, solely against the Defendant County of Nassau (the "County"). The Court notes that while the Complaint also states that it is brought pursuant to 42

---

[1] While the Court is generally limited to the facts set forth in the Complaint in determining a Rule 12 motion to dismiss, a court may also consider: (1) documents attached to the Complaint as exhibits or incorporated by reference therein; (2) matters of which judicial notice may be taken; or (3) documents upon the terms and effects of which the Complaint "relies heavily" and which are, thus, rendered "integral" to the Complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (quoting International Audiotext Network, Inc. v. American Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995)) (per curiam).

2

U.S.C. § 1985, (id. ¶ 2), that statute pertains to conspiracy claims, and there is nothing alleged in the Complaint regarding a conspiracy by Defendants to violate Plaintiff's civil rights. Moreover, while Plaintiff states in the facts of his Complaint that Defendants Giacone, Galan and Kamperveen observed Plaintiff's arrest and failed to intervene, (id. ¶ 16), there is no cause of action in the Complaint alleging a failure to intervene claim. Finally, Paragraph 2 of the Complaint states that Plaintiff alleges intentional infliction of emotional distress by Defendants. (Id. ¶ 2.) However, no further factual allegations pertaining to such a claim are present in the Complaint and Plaintiff states in his opposition papers to the within motion that he does not allege any claim for intentional infliction of emotional distress. (Pl. Mem. of Law in Opp'n 5.) Accordingly, the Court will not consider the foregoing claims in the within Report and Recommendation.

Defendants seek to dismiss the Complaint, in its entirety, pursuant to Rule 12(b)(6), for failure to state a claim. Plaintiff opposes the motion.

## DISCUSSION

I.  Legal Standard

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable of the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). As a general rule, the court is required to accept all of the factual allegations in the complaint as true and to

draw all reasonable inferences in the plaintiff's favor. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Town of Babylon v. Fed. Hous. Fin. Agency, 699 F.3d 221, 227 (2d Cir. 2012).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." Iqbal, 556 U.S. at 678-79 (citation omitted); see also Twombly, 555 U.S. at 555 (stating that a court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. Iqbal, 556 U.S. at 679. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. Iqbal, 556 U.S. at 678 (quoting Twombly, 555 U.S. at 557).

II.   Malicious Prosecution

"To establish a malicious prosecution claim under New York law, a plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff, (2) termination of the proceeding in plaintiff's favor, (3) lack of probable cause for commencing the proceeding, and (4) actual malice as a motivation for defendant's actions." Sherman v. City of New York, No. 18-5359, 2019 WL 2164081, at *9 (E.D.N.Y. May 16, 2019) (quoting Manganiello v. City of New York, 612 F.3d 149, 161 (2d Cir. 2010)) (additional citation and internal quotation marks omitted). "To prevail on a § 1983 claim for malicious prosecution, the plaintiff must also establish 'a post-arraignment seizure.'" Sherman, 2019 WL 2164081, at *9 (quoting Swartz v. Insogna, 704 F.3d 105, 112 (2d Cir. 2013)).

The only issue in dispute here is whether the underlying criminal proceeding terminated in Plaintiff's favor. It is undisputed that Plaintiff's criminal trial terminated upon the dismissal of all charges against Plaintiff by the prosecution, following allegedly false testimony by one or

4

more police officers involved in Plaintiff's arrest. (Compl. ¶¶ 22-23.) However, the Certificate of Disposition lists the dismissal as being in the interest/furtherance of justice, pursuant to Section 170.30 of the New York Civil Practice Law. (Kroner Decl., Ex. 1.) Defendants argue that such a dismissal fails to satisfy the termination in Plaintiff's favor requirement.

"It is the plaintiff's burden to demonstrate that [the] charges against him were terminated favorably." Virgil v. City of New York, No. 17-CV-5100, 2019 WL 4736982, at *7 (E.D.N.Y. Sept. 27, 2019) (quoting Lazaratos v. Ruiz, No. 00-CV-2221, 2003 WL 22283832, at *3 (S.D.N.Y. Sept. 30, 2003)) (alteration in original). The Second Circuit recently clarified the favorable termination element in Lanning v. City of Glens Falls, 908 F.3d 19 (2d Cir. 2018), holding that, for federal malicious prosecution claims, a "favorable termination" requires "affirmative indications of innocence." Id. at 25. "The answer to whether termination is indicative of innocence depends on the nature and circumstances of termination; the dispositive inquiry is whether the failure to proceed impl[ies]a lack of reasonable grounds for prosecution." Virgil, 2019 WL 4736982, at *7 (quoting Murphy v. Lynn, 118 F.3d 938, 948 (2d Cir. 1997)) (alteration in original). "[W]here a dismissal in the interest of justice 'leaves the question of guilt or innocence unanswered[.,] . . . it cannot provide the favorable termination required as the basis for [that] claim." Lanning, 908 F.3d at 28-29 (quoting Hygh v. Jacobs, 961 F.2d 359, 367-68 (2d Cir. 1992)) (alterations in original).

Here, Plaintiff's Complaint states that his entire encounter with the police on November 19, 2014, which ultimately resulted in his arrest, was recorded via mobile device. (Compl. ¶ 18.) The Complaint further states that during his criminal trial, the video recording was presented to the Defendant Police Officers, as well as the jury, and that the Defendant Police Officers "lied . . . about what they observed." (Id. ¶ 22.) Finally, the Complaint states that "[t]he jury trial

5

ended after the false police testimony when the prosecution dismissed all charges against plaintiff." (Id. ¶ 23.) While Defendants dispute that the criminal proceeding terminated in Plaintiff's favor, arguing that the District Attorney "may have dismissed based upon any number of procedural deficits regarding the People's case," (Def. Mem. of Law in Supp. of Mot. to Dismiss 4), Defendants do concede that the District Attorney "chose to dismiss the charges against the Plaintiff after counsel for the Plaintiff presented information which contradicted the arresting officers' testimony." (Id.) Although Defendants attempt to present the facts in a manner more favorable to themselves, they basically confirm Plaintiff's allegations that one or more of the Defendant Police Officers may have lied during Plaintiff's criminal trial, resulting in a dismissal of all charges against Plaintiff. This Court finds such facts to affirmatively indicate Plaintiffs' innocence, thereby properly pleading a plausible allegation of termination in Plaintiff's favor. As such, the Court finds that Plaintiff's Complaint states a plausible claim for malicious prosecution under Section 1983 and respectfully recommends that Defendants' motion to dismiss be denied with respect to that claim.

III. Deprivation of Property

Plaintiff's Complaint also alleges that, pursuant to his arrest, certain personal property was taken from him by Defendants and was not returned. Nor was Plaintiff compensated for such property. (Compl. ¶ 20.) It is unclear from the meager allegations in the Complaint what Plaintiff is actually alleging since he does not specify what property was taken, when it was taken, where it was taken, or who took it. Nor does Plaintiff state whether he is challenging such actions under federal law or state law. Despite the rather inartful pleading, the Court construes Plaintiff's allegations to be asserting a claim for the deprivation of property without due process of law in violation of the Fourteenth Amendment.

6

To allege a procedural due process violation, "a plaintiff must plead facts sufficient to give rise to a claim that he was deprived of his property without constitutionally adequate pre- or post-deprivation process." Ahlers v. Rabinowitz, 684 F.3d 53, 62 (2d Cir. 2012). Where the alleged deprivation occurs because of a "random, unauthorized act by a state employee," which is what Plaintiff appears to allege, the "availability of post-deprivation procedures will satisfy due process." Santagata v. Diaz, No. 17-CV-3053, 2019 WL 2164082, at *3 (E.D.N.Y. May 17, 2019) (citing Dukes v. N.Y.C. Emps.' Ret. Sys., 361 F. Supp. 3d 358, 372 (S.D.N.Y. 2019)) (additional citation omitted). "Thus, a [due process claim under § 1983] cannot be brought in federal court if the relevant state court provides an adequate remedy for the deprivation of the property at issue." Santagata, 2019 WL 2164082, at *3 (citation omitted) (alteration in original).

Various federal courts have held that New York state courts provide adequate post-deprivation remedies for property losses through causes of action for negligence, conversion and replevin. See, e.g., Santagata, 2019 WL 2164082, at *3 (denying Plaintiff's motion to amend to add Section 1983 due process claim for property loss due to available state court remedies); Ochoa v. Bratton, No. 16-cv-2852, 2017 WL 5900552, at *5 (S.D.N.Y. Nov. 28, 2017) (finding no violation of due process for property loss where plaintiff had access to meaningful post-deprivation remedies); Dove v. City of New York, No. 99-cv-3020, 2000 WL 342682, at *3 (S.D.N.Y. Mar. 30, 2000) (dismissing Section 1983 deprivation of property claim "[b]ecause New York provides an adequate postdeprivation remedy in the form of state law causes of action for negligence, replevin, or conversion"). Since Plaintiff had access to such meaningful post-deprivation remedies in state court for the retention of his personal property, he may not assert a due process claim here under Section 1983.

Accordingly, this Court respectfully recommends that Defendants' motion to dismiss

Plaintiff's deprivation of property claim be granted and the claim be dismissed.

IV.     Municipal Liability

Pursuant to the Supreme Court's decision in Monell v. New York City Department of Social Services, 436 U.S. 658 (1978), "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Id. at 694. Rather, a municipal entity may only be held liable where injury results from the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Id. A municipality may not be held liable under Section 1983 under a respondeat superior theory. See Pembaur v. City of Cincinnati, 475 U.S. 469, 478 (1986). Therefore, "to prevail on a claim against a municipality under Section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008) (citing Monell, 436 U.S. at 690-91). "The plaintiff must show a 'direct causal link between a municipal policy or custom, and the alleged constitutional deprivation.'" Mazzone v. Town of Southampton, 283 F. Supp. 3d 38, 61 (E.D.N.Y. 2017) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)).

"In determining municipal liability, it is necessary to conduct a separate inquiry into whether there exists a 'policy' or 'custom.'" Davis v. City of New York, 228 F. Supp. 2d 327, 336 (S.D.N.Y. 2002). "Although there is no heightened pleading requirement for complaints alleging municipal liability under § 1983, a complaint does not suffice if it tenders naked assertion[s] devoid of further factual enhancement." McLennon v. City of New York, 171 F. Supp. 3d 69, 94 (E.D.N.Y. 2016) (quoting Green v. City of Mount Vernon, 96 F. Supp. 3d 263,

8

301-02 (S.D.N.Y. 2015)) (additional citation and internal quotation marks omitted) (alteration in original). At the pleading stage, "the mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995) (internal citation and quotation marks omitted).

To demonstrate a policy, custom, or practice for purposes of municipal liability, "a plaintiff need not identify an expressly adopted rule." Mazzone, 283 F. Supp. 3d at 61. Rather, a plaintiff may plead the existence of a municipal policy or custom by alleging any one of the following:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by governmental officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

Jones v. Bay Shore Union Free Sch. Dist., 170 F. Supp. 3d 420, 438 (E.D.N.Y. 2016), aff'd, 666 F. App'x 92 (2d Cir. 2016) (quoting Brandon v. City of New York, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010)).

Here, the allegations of the Complaint fail to substantiate any of the four Monell categories. Rather, the Complaint conclusorily states that "[t]he County of Nassau is notorious for arresting young African American males (plaintiff is African American) and creating false police reports in an attempt to harass, arrest, and convict same. This pattern is consistent and ongoing." (Compl. ¶ 26.) These allegations are nothing more than a formulaic recitation of the elements of a Monell claim, without any factual support to substantiate them. See Vail v. City of New York, 68 F. Supp. 3d 412, 431 (S.D.N.Y.

9

2014) ("A municipal policy may be pronounced or tacit and reflected in either action or inaction, but either way Plaintiff must allege it with factual specificity, rather than by bare and conclusory statements.").

Moreover, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." Jones, 170 F. Supp. 3d at 438 (quoting City of Oklahoma v. Tuttle, 471 U.S. 808, 823-24 (1985)). Plaintiff's Complaint contains no factual allegations demonstrating that anyone other than he has been subjected to the alleged unconstitutional policy or custom he claims to exist. Accordingly, this Court holds that Plaintiff fails to state a claim for municipal liability and, as such, the claim should be dismissed.

## RECOMMENDATION

For the foregoing reasons, this Court respectfully recommends that Defendants' motion to dismiss be granted in part and denied in part. Specifically, the Court recommends that Defendants' motion be granted with respect to Plaintiff's claims for deprivation of due process and municipal liability and that those claims be dismissed. This Court further recommends that Defendants' motion be denied with respect to Plaintiff's claim for malicious prosecution and that discovery should proceed solely with respect to that claim.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court

within fourteen (14) days of filing of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.  <u>Thomas v. Arn</u>, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); <u>Caidor v. Onondaga Cnty.</u>, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

**SO ORDERED:**

Dated: Central Islip, New York
      January 28, 2020                                    /s/    Anne. Y. Shields
                                                               ANNE Y. SHIELDS
                                                               United States Magistrate Judge